UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AMBER LYNN ZALEWSKI,
                        Plaintiff,

                                                     **DECISION AND ORDER**

v.
                                                     15-CV-00444-JJM

NANCY A. BERRYHILL,
Acting Commissioner of Social Security[1],

                        Defendant.
_____

        Plaintiff commenced this action on May 19, 2015, arguing that the Acting Commissioner's denial of her claim for Supplemental Security Income benefits was not supported by substantial evidence. Complaint [1], ¶7.[2] Both parties moved for judgment on the pleadings [9, 12], and have consented to my jurisdiction [14]. By Decision and Order dated September 6, 2016 [15], I granted plaintiff's motion to the extent of remanding her claim to the Acting Commissioner for further proceedings. Judgment was entered on September 7, 2016 [16].

        Before me is counsel's motion for an award of attorney's fees in the amount of $6,734.23 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 [17]. The Acting Commissioner's response was initially due on December 30, 2016 [18]. Pursuant to

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2]     Bracketed references are to CM/ECF docket entries.

consent motions filed on December 30, 2016 [19] and January 31, 2017 [21], the Acting Commissioner's time to respond was extended to February 3, 2017 [22]. On February 3, 2017, the Acting Commissioner filed a response stating that she does not oppose plaintiff's motion for attorney fees under the EAJA in the amount of $6,734.23. [23].[3]

## ANALYSIS

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." By obtaining a remand under the circumstances present in this case, plaintiff is the "prevailing party" for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The fact that the Acting Commissioner does not oppose the amount of the award does not relieve this court of the obligation to determine whether that amount is reasonable. See Pribek v. Secretary, Department of Health & Human Services, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (Elfvin, J.) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation"); Lockwood v. Colvin, 2016 WL 6902341, *1 (D. Conn. 2016) ("[a]lthough the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable").

A fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. §2412(d)(1)(A). "The burden is on the Government to show that its position was substantially justified." Eames v. Bowen, 864 F.2d 251, 252 (2d Cir. 1988). The government has not

---

[3]  Under the February 1, 2017 briefing schedule [22], plaintiff had until February 21, 2017 to file a reply to the Acting Commissioner's response. No reply was filed.

attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

28 U.S.C. §2412(d)(2)(A) states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee". Plaintiff seeks fees at an hourly rate of $194.07, based on the Consumer Price Index. Plaintiff's Memorandum of Law [17-1], p. 4. This adjustment is appropriate. See Isaacs v. Astrue, 2009 WL 1748706, *3 (W.D.N.Y. 2009) (Arcara, J.) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the Court may revise it upward to reflect inflation as determined by the Consumer Price Index"). Moreover, I find the number of hours devoted to this case, as detailed in counsel's Declaration [17-2], to be reasonable. Therefore, I find no reason to second-guess the fee amount to which the parties have stipulated.

The final issue is whether the award should be payable directly to plaintiff's counsel. Plaintiff assigned her right to receive payment under the EAJA to plaintiff's counsel ([17-3], ¶7). Thus, plaintiff's counsel requests that payment be made to him rather than plaintiff. The Supreme Court has determined that "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." Astrue v. Ratliff, 560 U.S. 586, 594 (2010). However, since Ratliff, district courts have held that the EAJA award may be awarded directly to the attorney as long as the government has the ability to offset any debt owed to it or if the plaintiff owes no debt to the government. See Cavin v. Astrue, 2014 WL 28864198 (E.D. La. 2014); Gors v. Colvin, 2013 WL 960230, *3 (D.S.D. 2013); Meyer v. Astrue, 2011 WL 4036398, *3 (D.Minn. 2011).

As stated in counsel's attached e-mail, the Acting Commissioner cannot determine whether plaintiff owes a debt subject to offset until judgment is entered. Therefore, plaintiff is awarded fees in the amount of $6,734.23, and the clerk of this court shall enter judgment accordingly. If plaintiff owes a debt that qualifies under the Treasury Offset Program, 31 U.S.C. §3716, payment shall be made payable to plaintiff and delivered to her attorney, Timothy Hiller. However, if the United States Department of the Treasury determines that plaintiff does not owe a federal debt that is subject to offset, payment shall be made directly to Mr. Hiller.

## CONCLUSION

Counsel's motion [17] is granted consistent with the above. Should payment not be made within 120 days of this Decision and Order, counsel may request a timetable for determination of any offsets that may apply to the payment otherwise due.

**SO ORDERED.**

Dated: March 14, 2017

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge